Can I say your name right, sir? Yes, you did your right. Thank you. Good morning. Michael in the court. Same name stretched for the appellant, Joseph McMullen. It is our opinion and our position that the district court hereby dismisses Mr. McMullen's complaint. Are you familiar with the Barwood case? Yes. How does New Jersey state law conflict indicate the federal constitution? There is no New Jersey state law conflict here. The difference between Barwood and Zemecki is that in our case the ordinance was not to go into effect in 1975 to go into effect in 1977. The state told all the municipalities that we're decriminalizing alcoholism. And if somebody is visibly intoxicated... We're familiar with all that, but so what? Isn't that a problem for the state courts in New Jersey to work out? Why should we be poking our nose in there? Because it's a denial of the 4th Amendment protection and the 14th Amendment's protection. Barwood wouldn't come settle with them. Well, that was because the ordinance in question was on the law's end. It was an ordinance that was being challenged, as in Zemecki, as being unconstitutional. And the court said, the ordinance is the ordinance. That's an issue of state law. This is fairly similar to the John Doe case, which is also incited, as it relates to the J Doe's. Because there were two aspects to the John Doe case. One was, there was an ordinance which made public intoxication a questionably similar criminal. And the court found that there was probable cause to arrest John Doe, because it was ambiguous as to whether it was or was not a criminal penalty. And therefore, it didn't replicate the 4th Amendment. But with respect to the J Doe's, the court found that there could be probable cause and a replication of the 4th Amendment. Because the stat of the ordinance clearly was similar in nature. Our argument is that by repealing any municipal ordinance that makes public intoxication without a warrant... Well, we don't know that they did that, do we? Well, that's exactly what I just said. Well, doesn't the Horner Act authorize Nameshade and other municipalities in New Jersey to pass laws regulating drunkenness? It did. And by the way, with the court's permission, I did want to reserve two minutes, but we got run out of time. We were so enthusiastic. Was it already? It's done. Thank you. Thank you. Mr. Ramosenius on top of it. The argument that there is an interplay between the two, and therefore it's a state issue, would be whether or not ASHRAE in 1975 somehow was unconstitutional in that it was passed in violation of the Horner Act. But that's never been the issue. Isn't that... No, no. I mean, that's a... I have to put your finger right on what Judge Cougar was saying, that this is a state problem. This is not a federal problem. This is a question of how state laws are interacting with each other. And that can't turn into a Fourth Amendment issue. Or, as in Barwood, everything turns into a... Every state statutory interpretation has got a federal ancillary claim attached to it. If the argument had been that the state did not have the right, the state legislature did not have the right to pass ASHRAE, and thereby take back powers that it first gave to the municipalities, because the only right said, the state legislature said to the municipalities, you can do this, it was not an absolute right, the state legislature gave them that power. That's a very nice argument, but you're in the wrong court to make it. You should be in the New Jersey courts to raise that. Why do we want to interpret and determine what they wanted to do when they passed ASHRAE? And what effect that had on the laws empowering municipal corporations in New Jersey. Why should we poke our nose into that? Because ASHRAE was the law from 1977. So what? And nobody said ASHRAE is unconstitutional. I agree with you on that. I'm with you on that. But I think you're forgetting, or perhaps avoiding, one important thing, which is Mabel Shea had an ordinance on the books. An ordinance that was supposed to have been repealed. I don't agree with that. We get this interesting scenario, I think it's interesting, where the Home Rule Act says, you know, we can regularly talk about this. And that was passed quite some time ago. Before ASHRAE. Right. That's in the early 20th century, I believe. Yeah, right. Okay. So then, say, fast forward 60 years. ASHRAE comes along and says, I think as you've obviously just read, this is more of a public health problem and not a criminal problem. Okay. And then fast forward another, I don't know how many years, Mabel Shea passed an ordinance. Presumably because the folks at Mabel Shea were having problems, you know, with behavior, with people upsetting the community. They pass a law, a local law, that says this is criminal. So you've got three different laws. Two state laws, one local law. We've got 200 municipalities at the time that had similar ordinances. So as far as I can tell, you know, one big New Jersey law mess-up or hint. How am I wrong? Well, again, you're assuming the argument is that once this state legislature passes an act, it can never modify its own act. No, no, no. I'm with you on that, John. What I'm suggesting you're avoiding is Mabel Shea is entitled to pass its laws, too. I'm with you on ASHRAE. Let's say ASHRAE is valid. But Mabel Shea can regulate it. They can pass their ordinances, and they did so here, and your client violated their ordinance. That assumes that an ordinance can be passed in violation of a state statute that says no municipality can pass an ordinance just on the basis of public intoxication. I have the power to say that the Mabel Shea ordinance is invalid. I have the power to say with the kind of supreme confidence that you're articulating now that the Mabel Shea ordinance is invalid. Yes, we do have that power. The court had the power. The district court had the power. The question really is, is it the district court who raised the issue of ASHRAE and the fact that it had been repealed? It was the prosecutor. It was the prosecutor. It was the criminal court. The prosecutor said, I agree. Our ordinance doesn't belong on the books, but you still have to appeal. He appealed with his attorney. The judge said, I can't believe that the state's legislature took this power away when the prosecutor said it did. The charges were thrown at him. Hold on just a second. Hold on just a second. I realize you've got things you want to say. We keep interrupting, but there's a lot of moving pieces here. You keep saying public drunkenness, just public drunkenness. That's what your case involves. It's more than that. It's more than that. That's what I'm wondering about. Judge Cougar says in footnote two that it appears that Mr. McMullen was prosecuted and the other plaintiff, I apologize, Mr. Opchenitz, were prosecuted under a prior version of the public intoxication ordinance, and that prior one included a statement about, if I'm not mistaken, an alliance and hazard to others, right? Mr. McMullen and Mr. Opchenitz were both prosecuted for being drunk in public with nothing more. When you say with nothing more, if they're prosecuted, how do you say that? If the statute or, excuse me, if the ordinance of conviction is that it was done with public, to the annoyance of another person, or unable to conduct themselves with due care for their own safety or the safety of other persons. If that's what Mapleshade Township Code 142-2 says, which I think it does, then the fact that your client doesn't think he was any more than drunk or that Mr. Opchenitz thinks he was nothing more than drunk, if that's what the ordinance says, isn't that what we have to go by? The issue is whether or not the charge requires both a finding of both public drunkenness and annoyance. The ordinance allowed a finding of public drunkenness only. How do we know that? Because it appears by its plain terms, it says to the annoyance. The ordinance says or to the annoyance. So it's an application. You're not saying, if I hear you correctly, that the Mapleshade ordinance is facially illegal because if you get into the annoyance realm, that's slightly different than ASHRAE's prohibitions. You're not saying as applied to your clients, it's illegal as applied to your clients. Our argument is that any ordinance that ASHRAE repealed, any ordinance that allowed for a criminal charge based upon public drunkenness alone. For the sake of argument then, if the statute, excuse me, if the ordinance, the Mapleshade ordinance, is not public drunkenness alone, but it requires something more, you're prepared to concede that ASHRAE doesn't make that a law. That's correct. Just like walking through Mapleshade with an open container, underage drinking, drinking and driving, none of those were to be modified by ASHRAE. In fact, those municipalities that have an ordinance that says public intoxication and disorderly conduct requiring the... That's not a problem. That would not be a problem. You must approve both. Regardless of whether or not the ordinance was valid, isn't the test for a civil rights violation, whether it was reasonable at the time to make the arrest. So I'm a police officer, I know there's an ordinance, and I arrest the person. I don't have to be a police officer to know what I'm doing. And you know that's what the police department is not, according to this proceeding. But what is supposed to happen, and that's the distinction between this and the John Doe case, when it came before the municipal judge, with Mr. McBride, the case was direct. What did the municipality do wrong here then? Well, your question is... How did they act on the color of the authority of the state of New Jersey to deprive the client of his civil rights? Because a month later, before the same prosecutor and the same judge, Mr. Archivist, who didn't have an attorney, pled guilty, and that judge and that prosecutor accepted the guilty plea and the fine, knowing that the month before, it had been pointed out that public drunkenness alone is not a criminal in the state of New Jersey, and that Abel Shade's ordinance in that regard was not valid. So the prosecutor's immune to everything he does, right? The prosecutors are immune. Nobody sued the prosecutor, but what we're trying to say is that takes into the denial... Because that ordinance was on the books. That's the civil rights violation that you're claiming here. Defendant to repeal the... Isn't that a discretionary act of the town council of Mabel Shade? You're going to ask this court to tell the town council of Mabel Shade what they should do in terms of their ordinances? Well, actually, one of the council was forged under relief to direct that order in municipalities to have an ordinance contrary to ACRA. On the basis of a state law in New Jersey? Well, the state regulates the municipalities, and part of this is that it's a development in process and it's a violation of the Fourth Amendment for municipalities to continue to criminalize individuals. I see my time is up. I have a further question for you. Your opponent cited City of Ontario v. Squam in their answering brief. You didn't respond to that in your reply brief, but I want you to respond to it here if you would. They cited for the proposition that violations of state law do not equate to violations of the federal constitution, and they quote that Supreme Court case from this year, the Quan case, as saying that, quote, respondents point to no authority for the proposition that the existence of statutory protection renders a search, per se, unreasonable under the Fourth Amendment, and precedents counsel otherwise, citing Virginia v. Moore, which held that search incident to an arrest that was illegal under state law was reasonable. So if the Supreme Court of the United States is telling us this year, look, the fact that there might be a state law violation doesn't turn stuff into Fourth Amendment violations, and they incite a case like Virginia v. Moore which says that even though under state law something was illegal, the search done pursuant to that illegal law was still reasonable. Why would we go ahead and say that an arrest pursuant to an ordinance on the books in Mapleshade gave rise to a Fourth Amendment claim that there was an unreasonable seizure? Because the difference between that case and this case is that following the potentially legitimate arrest was the denial of due process by compelling each of the individuals to either appear in a courtroom to address the criminal charge that didn't exist. That is due process. I mean, that's what due process is. You get to go to court. You get to stand up. You get to have a judge hear what you have to say. I'm going through the looking glass. You're saying there's a denial of due process in having the process that is ordinarily required to have due process. Only if you can afford or are smart enough to hire an attorney. It's not the arrest and the prosecution. Your claim is that they need to appear in this illegal ordinance. That's correct. The 1983 violation is the state actors' intransigence in not appealing what is plainly invalid law and then continuing to enforce it to those people who think that this public investigation is a minor offense, and they have a custom policy of doing that. They have a custom policy of enforcing illegal ordinance. The record we were able to develop, because this was a class action we were able to do, leading to class discovery, was that there were hundreds of people who were in charge with a fed. Including all these other... That's right. We had a class action. I understand that. But with respect to Mabel Shane as well, it was routine for enforcement of the ordinance historically and going forward, even after the McMurray case. And that's part of the whole process. Do they get more of the money from this when it's an ordinance violation rather than a state model violation? Because the local municipality... They get the money, Your Honor. Somehow I thought so. Thank you. Thank you. Mr. Gillespie. You could actually start there. If we try to figure out what maybe the real world drivers are and what's being at least implied to us is that the Mabel Shane Township knows they've got an invalid ordinance on their book, but it's a revenue generator, and if they rip people off for a hundred bucks here, a hundred bucks there, who's going to go hire a lawyer and fight that? It's all good revenue for the township. That seems to be the implication here. Why should we... If that's true, why would that be consistent with federal law and something that we should allow to stand? Most respectfully, Your Honor, the implication is not the stuff the cases are made of. There is no fact to predicate except for Mr. Armstrong's time. It's not in the record. It is not in the record. No, I know. Where is it in the record that no one raised to the prosecutor or the judge or Mr. McLaughlin's attorney, who gets enormous credit here for getting wrong about that attribute because obviously 260-some municipal judges don't, gets enormous credit for raising that, and perhaps the prosecutor should have said, but wait a minute, we have a whole new act that says we can't have this ordinance. And when we think about the rear-end issues in which state and local governments become involved in regulating the conduct of social activity and human behavior, you're going to have areas where the state may say this and a municipality may want to do this, and it turns out that the state may have corrupted the field such that you may have an ordinance, for example, where you want to regulate apartment buildings in your municipality and you enact an ordinance that regulates apartment buildings with inspections and so on and so forth, and you find out later that someone, apartment owner or whatever, that challenges that, that it's preempted by the New Jersey Horticultural Act. Suppose you're right, it's only regulated drunkenness. Wouldn't that be a facial conflict with Atria? It might be a facial conflict with Atria, but it would be consistent with the Home Rule Act. The Home Rule Act of 1917, in fact, or 1975, I mean, I'm not a math whiz, but it sounds to me like the Atria came a little more recently, and if it plainly overrules that portion of the Home Rule Act, isn't it a little odd to be citing back to the 1917 statute? And that section of the Home Rule Act was amended in 2000 by the State Legislature, and they didn't change that part. Let me ask you a question. Oh, right. Most respectfully, Judge Ms. Hart. And repealed the ordinance. We have now repealed the ordinance, it does that most. Well, I don't believe anybody should think for a moment that that was done for any other reason than provocative purposes, because at the end of the day, some state court judgment, respectfully, is going to decide where the tension lies and how it gets resolved. Again, if every time this ordinance was found or alleged, this is an allegation to be preempted by state law. To say that, and it proves to be true, that charges under what was then a presumptively valid ordinance, and here in New Jersey, ordinances, all ordinances, come before this court, the state court, that proves that presumption. Officers, arrests, not only do they have the obligation and duty to bring charges under what appears to be a violation of state law. Let me give you a hypothetical. Yes, sir. Because I find these issues really fascinating and challenging. What if the New Jersey Supreme Court, excuse me, the immediate appellate court, held the Mapleshade Ordinance invalid, omniscio, as contrary to ATRA? And then, a month thereafter, Mapleshade police arrested people who were drunk, prosecuted them under the Mapleshade Ordinance. What's the result? Is that a 1983 violation? No. It is because, I think the first question is going to be, what knowledge did the officer have about that Pelton Key case? Was it unpublished? Was it published? What are the facts of that case? And why was it ruled invalid? Was it unconstitutional? Essentially, it was void of admission. This law, from the moment it was passed, was in derogation of ATRA. He's trying, there isn't a positive Superior Court. I'm wondering whether we need to hear from the state's final arbiter, maybe the Supreme Court. Could a municipality act in derogation of intermediate appellate courts or the trial courts in your state under a good faith belief that they are wrong while that case is pending appeal and you're seeking review, I assume it's discretionary review, by the state Supreme Court. The officer is charged with knowledge, isn't he, of the appellate court ruling. I think you're wrong on that. He's charged with knowledge, but again, is that court determined? And that's where we're going to end up. Most respectfully, we are going to end up, as this case proceeds in the state, because Mr. Chinnis is not in this case, he's in the state case. And some state judges... This case is pending, running its way through the state system. We have a motion currently pending to dismiss his objective for relief because he's a convicted criminal. But that's where it's going to end up. And I don't disagree that at some point, you know, this hypothetical may become reality, whether it's in the name or shape of some other county in Burlington County, whether it's somewhere in Essex that's bound by what the lawyers in Burlington County said was another issue. But at some point in this journey, that will become an issue if it's evaluated as preempted. And a month's later, or two months later, one of these towns hasn't repealed, and a citizen is charged. Does that create an issue? And I'm not prepared to answer that. I think there are a lot of factors that go, and if it's turned out to be Mr. McGaughan in his favor, I think there's lawyers to the contrary. Clearly, I think we're in a worse position than we are today, because the facts aren't as articulate. Let me ask you, just to the defendant in pleading guilty to a local arrevance violation, they are in Pennsylvania. Now, magistrates in Pennsylvania are not courts of record. And very often, an arrangement is worked out, someone pleads guilty to an arrevance violation, and there's no real record of that. They haven't taken application. But your Honor, this question raises a thing that I was just about to say. Your magistrates are where our courts of record. If I plead guilty to this ordinance, on my part of the record, somewhere in the New Jersey court system, it would be the fact that I plead guilty to an arrevance violation. We have to do that. In fact, we have that in a lot of civil case cases, judge, where we defend an excessive force, and they plead to it. We take that out of accusations, as opposed to civil observations, and we use that to overcome complications. Mr. Gillespie, I have a factual question for you, the same one that I asked to your colleague. Were these folks charged under, as Judge Kugler indicated, the older version of Section 142.2? I don't recall, Judge. I'm not sure what ordinance. I think the difference is this, and I represent municipalities. In New Jersey, as you know, currently, there's a state statute and these trials are different. There's general court publishers out there and different codification companies, and my suspicion is that whatever that numerical number numerical dedication was, it became 142.2. It was, let's say, 65-2. I think that's simply a renumbering. I don't believe that the substance of the ordinance changed. So if that's true, is it in fact the case that the ordinance requires somebody to be intoxicated, quote, to the annoyance of any person, or to be intoxicated or drunk as to be unable to conduct himself or herself with due care for his or her safety or the safety of other persons? That's part of the ordinance. What? I think it's more, I think it's public intoxication, more disorderly, more to the annoyance of our opponents. I think that's what the ordinance was. Mm-hmm, mm-hmm. You got a... Can you confirm that? Yes. I'm looking at the language of the statute, or the language of the ordinance. At least, I believe this is the language of the ordinance. And I'll just read it for a moment here. No person shall be intoxicated or drunk or disorderly in a public street, lane, sidewalk, et cetera, et cetera, et cetera, or in any public conveyance or in a private motor vehicle which such vehicle is in motion or park, blah, blah, blah, blah, or while upon any private property, not his or her own, without the express permission of the owner or the person having authority to grant such permission. And then there's no or. All that is prelude to the phrase to the annoyance of any person or to be intoxicated or drunk as to be unable to conduct himself or herself with due care. So that's where the or exists, is after the to the annoyance of any person. So it appears that you have to be intoxicated, drunk, or disorderly to the annoyance of somebody or intoxicated or drunk so as to be unsafe to yourself or other people. MR. GRIFFITHS. Jim, Jim, Jim, 2827 Pounder Fade Bar, Initial Critics of the Trial Court, the whole ordinance is quoted and shown. CHIEF JUSTICE. If there's an or in there that I need to know about. MR. GRIFFITHS. I think you're right. I think that dot, dot, dot, dot is not filled by another or. I'll read it. CHIEF JUSTICE. Okay. MR. GRIFFITHS. No person shall be intoxicated or drunk or disorderly in any public street, lane, sidewalk, public parking lot, public or quasi-public place or in any public conveyance or in any private motor vehicle while such vehicle is in motion or parked in a public street, lane, or public parking lot or while upon any private property not his or her own without the express permission of the owner or of the person having authority to grant such permission to the annoyance of any person or be so intoxicated or drunk as to be unable to conduct himself or herself with due care for his or her safety or the safety of others. So the annoyance part may well come from the part about without the express permission of the owner or of the person having authority to grant such permission to the annoyance of any person. It may flow from that. But again, I believe this is exactly why we're in state court. CHIEF JUSTICE. Yeah. Maybe that would make this not simply an intoxication offense. It would be an intoxication plus offense, right? If the termination would. MR. GRIFFITHS. Yeah. And again, that may, and I'm not ready to argue that, but remember, that may implicate other sections. A lot of the home will act or some other state law, none of which, none of which, implicate federal constitutional issues. CHIEF JUSTICE. Right. What about, let me point to a statement you make in your brief. I forget what page this is on, but you state, no court has ever determined that Section 132-2 or any similar ordinance is illegal, void, or invalid under AFTRA. MR. GRIFFITHS. That's correct. CHIEF JUSTICE. What about the statement of moral? MR. GRIFFITHS. Yes. CHIEF JUSTICE. I take it separately. MR. GRIFFITHS. Thank you, Justice. The statement of moral, there's a couple of things I think the court needs to understand about that. One, there's nothing in that opinion involving this ordinance. CHIEF JUSTICE. Justify the law? MR. GRIFFITHS. Yes, sir, it did. And to be honest with you, in New Jersey, that case really hasn't been  And even though value municipal court judges or courts of limited jurisdiction, they don't have the authority to invalidate anything. They have the authority to dismiss a charge because they find that they're being preempted or unenforceable. They have the charge to have the right to impose fines or not impose fines. But they don't have declaratory power under New Jersey's Constitution  to be ambiguous. And the other part of that is, more importantly, it was a state statute, so we don't have any conflict between the state and the state. We don't have a conflict between was there another state statute that may have survived the ATRA that would have made that state statute valid. Here, we have a state statute that makes municipal ordinances that prohibit or prescribe the very content which ATRA appears to prohibit valid. So that, the interplay is not in there and wasn't in this ordinance and I must respect when I stand by the statement contained in my brief, Judge. Okay. Thank you very much, Mr. Gillespie. Mr. Ainsworth. Thank you, Your Honor. I want to address the last point that was being discussed about the statute itself. The issue was never raised.  was never asserted that ATRA was not applicable to this ordinance because it was in the conjunctive of where the language could be used to describe the state of the ordinance and that person modified any aspect of the ordinance other than other person having authority to grant such permission. Well, you're asking us to invalidate an ordinance, right? Something that even assuming we were inclined to do would call upon us to make a de novo review of what the thing means, right? Only if we were arguing that there was an interpretation issue here. It had been conceded that it should as directed charges and allows the charging of Mr. McMullen as it happened with Mr. McMullen simply to be arrested and charged with the crime of being intoxicated  McMullen. In fact, Mr. McMullen was walking home. There was nobody around him. If you take the factual scenario, he's walking home, nobody's around him, the police pass by once, come back, take him off, say, you're visibly intoxicated, you're coming to an incident,           come back. You're walking home, and the police come back. You're walking home, and the police come back. They come     him stumbling around in the park, and you hear him using a gun to shoot           there. You have to think about it. You have to think about it. You have to think about it. It is not going to change your life. It is not going to change your life. It will change your